IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RHONDA COULTER                                                                              PLAINTIFF

      V.                        CIVIL NO. 2:14-cv-02244-PKH-MEF

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                              DEFENDANT

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Plaintiff, Rhonda Coulter, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I. Procedural Background

      Plaintiff protectively filed her applications for DIB and SSI on March 6, 2012, alleging disability since April 1, 1996, due to depression, anxiety, arthritis, osteoporosis, fibromyalgia, Raynaud's syndrome, hip and knee problems, and chronic back pain. (Tr. 16, 177, 192) For DIB purposes, Plaintiff's insured status expired June 30, 1996. (Tr. 19, 177) An administrative hearing was held on February 12, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 34-92)

By a written decision dated May 24, 2013, the ALJ found Plaintiff's degenerative disc disease, osteoporosis, arthritis, Raynaud's disease, and depression were severe impairments. (Tr. 19) After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments. (Tr. 19-23) The ALJ then found Plaintiff had the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> She has to be able to sit and stand at will. She would be on breaks 12% of the day. She has to perform work where contact is incidental and of simple, routine, repetitive nature (instructions by rote). Little judgment has to be involved. (Tr. 23-24)

With the help of a vocational expert (VE), the ALJ determined Plaintiff could not perform her past relevant work (PRW), but could perform the representative occupations of machine tender and surveillance system monitor. (Tr. 25-27) The ALJ concluded Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 27)

Plaintiff requested a review of the hearing decision by the Appeals Council, which denied the request on September 23, 2014. (Tr. 1-4) Subsequently, Plaintiff filed this action on November 21, 2014. (Doc. 1) Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 9, 10)

**II. Applicable Law.**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider

evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III. Discussion**

Plaintiff believes the ALJ erred by: (1) failing to develop the record, (2) discounting her subjective complaints, (3) giving little weight to the opinion of her treating physician, and (4) posing an incomplete hypothetical to the VE. (Doc. 9, pp. 12-20)

If the ALJ determines the claimant cannot perform her past relevant work, the burden shifts to the Commissioner at step five to show the claimant can perform other work in significant numbers. *See e.g., Hall v. Chater*, 109 F.3d 1255, 1258-59 (8th Cir. 1997). VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See e.g., Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992).

At the hearing the ALJ asked the VE a series of hypothetical questions that described a person with the same age, education, and work experience as Plaintiff. The ALJ's first hypothetical included the following limitations:

> able to lift and/or carry 10 pounds occasionally, lift and/or carry less than 10 pounds frequently. The individual can walk two hours in an eight hour work day with normal breaks. Could sit six hours out of an eight hour work day with normal breaks. Push and pull with limitations pursuant to our lift/carry limitations. And could climb ramps and stairs frequently. Able to climb ladders, ropes, and scaffolds, never. Able to balance, stoop, kneel, crouch, and crawl occasionally. Able to handle on a bilateral basis frequently. Able to finger on a bilateral basis frequently. Able to perform work with interpersonal contact that's incidental to work performed. Complex of work task as learned and performed by rote, with no variables, no judgment, and supervision required is simple, direct, and concrete.

(Tr. 87) In response, the VE testified the person could not perform Plaintiff's past relevant work, but could perform the occupations of machine tender, assembler, and surveillance system monitor. (Tr. 88) The ALJ then modified the hypothetical to include these additional limitations:

> The individual would require frequent breaks during the course of the work day. These would be in addition to regularly schedules breaks such that the individual would be off task 12 percent of each work day on a consistent basis.

(Tr. 88-89) The VE responded there were no available jobs for this hypothetical person.

The ALJ posed a third hypothetical that included the limitations of the first hypothetical plus a "sit/stand option at will," but did not include the accommodation of additional breaks. (Tr. 89) The VE testified the hypothetical person could perform the machine tender, surveillance system monitor, and assembly jobs, but the number of assembly positions would be reduced 50-percent. (Tr. 89)

The ALJ determined Plaintiff's RFC included an at will sit/stand accommodation, and an allowance for being on break 12-percent of the day. (Tr. 23-24) Since the ALJ did not pose a complete hypothetical to the VE, and the VE testified there were no available jobs for a person on break for an extra 12-percent of each work day, the decision is not based on substantial evidence.

The ALJ's written decision also appears to be a rough draft of a final opinion. On remand, the ALJ should apply the 20 C.F.R. § 404.1527 factors to provide an adequate explanation for assigning little weight to Dr. John McAuley's medical source statement, and identify appropriate reasons for discounting Plaintiff's subjective complaints. The ALJ should also formulate a hypothetical question, consistent with the RFC determination, and recontact the VE.

**IV. Conclusion**:

For the reasons and upon the authorities discussed above, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be reversed and remanded.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of October, 2015.

/s/  *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE