IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RHONDA COULTER                                                                                   PLAINTIFF

    v.                                      CIVIL NO. 2:14-cv-2244-PKH

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF Nos. 14, 15) The Defendant filed a response voicing objections, and the Plaintiff has replied. (ECF Nos. 16, 17) The matter is now ripe for resolution.

**I.   Background:**

On January 25, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,304.24 representing a total of 5.00 attorney hours in 2014 at an hourly rate of $186.25, 28.55 attorney hours for work performed in 2015 at an hourly rate of $187.38 and $23.29 in postage expense. (ECF No. 14) On December 22, 2015, the Defendant filed a response objecting to the number of hours Plaintiff's counsel is requesting. (ECF No. 16)

**II.   Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> "To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney."

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider

2

the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index.

AO72A
(Rev. 8/82)

### III. Discussion:

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 13) Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. (ECF No. 16) The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

#### A. Hourly Rate for Services Performed:

Plaintiff requests compensation under the EAJA at an hourly rate of $186.25 for all attorney work performed in 2014 and $187.38 for work performed in 2015. We find that these rates exceed the hourly rates for 2014 and 2015, as adopted by this Court in General Order 39. Therefore, the undersigned finds the Plaintiff is entitled to an hourly rate of $186.00 for work performed in 2014, and $187.00 for work performed in 2015.

#### B. Clerical Tasks:

Defendant objects to a total of 1.65 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. (ECF No. 16) We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

In a reply filed on February 24, 2016, Plaintiff's counsel contends that each of these tasks are compensable under the EAJA. (ECF No. 17) After reviewing counsel's itemization of time

and the Defendant's objections, the undersigned finds that the following tasks are purely clerical in nature and not compensable under EAJA: receiving and reviewing NEF's confirming the filing of the Cover Sheet, Complaint, Summons, Motion to Proceed In Forma Pauperis, Notice of Assignment of Magistrate, proof of service, transcript, and appeal brief; receiving and reviewing file stamped copies of the complaint, IFP, civil coversheet, and summons of service; receiving and reviewing proof of service; and, calendaring. Further, I find that the Plaintiff is entitled to nominal time for reviewing the Scheduling Order. This document is a form document that is filed in every social security case pending before this Court. As such, it requires very little preparation and/or review time. Accordingly, Plaintiff's award will be reduced by .80 attorney hours.

      **C.**     **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

**IV.**     **Conclusion:**

Based upon the foregoing, the undersigned recommends that Plaintiff be awarded attorney fees under the EAJA in the amount of **$6,143.04** for 4.50 attorney hours performed in 2014 at a rate of $186.00 per hour, 28.25 attorney hours for work performed in 2015 at an hourly rate of $187.00, and $23.29 in postage expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable

fee is determined pursuant to 42 U.S.C. § 406.

Dated this 18th day of June, 2016.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE